they had no control and over which the defendants, as landlords, exercised exclusive control; and our conclusion is that, whether the action be deemed on contract for breach of the covenant or in negligence, still it states facts sufficient to constitute a cause of action, and that the order granting judgment to defendant upon the pleadings was erroneous.

The order should be reversed, with $10 costs and disbursements, and the judgment vacated.

INGRAHAM, McLAUGHLIN, and SCOTT, JJ., concur. CLARKE, J., dissents.

HUNT v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, First Department.   March 5, 1909.)

1. APPEAL AND ERROR (§ 840*) — SCOPE OF REVIEW — JURISDICTION OF TRIAL COURT.

Where defendant did not object to the jurisdiction of the trial court to set aside a verdict and grant a new trial for inadequacy of damages, and did not raise the question on appeal from the order setting it aside, the question will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3301; Dec. Dig. § 840.*]

2. APPEAL AND ERROR (§ 854*)—REVIEW—DECISION BASED ON ERRONEOUS REASONING.

Where defendant moved to set aside the verdict on the ground of excessive damages, insufficiency of evidence, etc., an order setting it aside on plaintiff's motion for inadequacy of damages will be affirmed; an appeal from the order hardly being necessary merely because it was set aside on motion of the other party, or because the ground on which it was set aside might not have justified doing so if defendant had objected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3408–3430; Dec. Dig. § 854.*]

Appeal from Special Term, New York County.

Action by Addie M. Hunt against the Long Island Railroad Company. From an order setting aside a verdict for plaintiff and granting a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William C. Beecher, for appellant.
William N. Cohen, for respondent.

INGRAHAM, J. This action came on for trial at Trial Term in the March term, 1908. The action was to recover for personal injuries caused to the plaintiff while a passenger on the Long Island Railroad. The injuries caused to the plaintiff necessitated the amputation of both legs, and she sustained other injuries which have left her a physical wreck and wholly disabled her from performing any work. She was by profession a trained nurse earning from $2,000 to $2,500 a year, and the jury returned a verdict in her favor for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$25,000. After the rendition of the verdict defendant's counsel moved to set it aside and for a new trial on the ground that the damages were excessive and the verdict contrary to the law and contrary to the facts. This motion was denied and an order entered. Subsequently, and on the 7th of April, plaintiff's attorney served a notice on the defendant that she consented that the verdict should be set aside and a new trial granted. Nothing resulted from the service of this notice, whereupon on June 20, 1908, the plaintiff served a notice of motion returnable at Special Term for an order setting aside the verdict and granting a new trial on the ground that the verdict was for insufficient damages, and that the same has resulted in injustice. This motion came on for hearing at Special Term on the 22d of July, 1908, presided over by the same justice who tried the case at Trial Term, and resulted in an order setting aside the verdict and granting a new trial. From this order the defendant appeals.

There is annexed to this notice of motion an affidavit of the plaintiff's attorney which stated: That the action was the last case tried on the March calendar of Trial Term, and said term expired simultaneously with the denial by the court of defendant's motion on the minutes for a new trial; that on the 10th of April, 1908, plaintiff's attorney received from the defendant's attorney a copy of the order denying defendant's motion for a new trial on the minutes, which had been entered on April 9, 1908; that no judgment was entered upon the verdict, and the defendant has never offered nor intimated its willingness to pay the amount of the verdict; that the defendant's attorney had stated to the plaintiff's attorney that the defendant intended and expected to appeal from the judgment when entered. This motion for a new trial is made upon this affidavit and a case which the plaintiff had made and which the court at her request had settled.

It does not appear that the defendant objected in the court below to the jurisdiction of the Special Term to set aside the verdict and grant a new trial on the ground of inadequacy of damages, nor does it raise that question upon this appeal. That question therefore will not be considered, and the determination of this appeal is not an authority in support of the practice adopted in this case. Upon the argument counsel for the defendant stated that it was the intention of the defendant to appeal from the judgment if one should be entered upon this verdict, and that he had not and did not waive the right to appeal from such judgment; but his only object in this appeal was to prevent the effect that an order for a new trial granted on application of the plaintiff would have upon a subsequent trial of the case. We have a case therefore that has resulted in the verdict of a jury which satisfies neither party. The plaintiff has succeeded in obtaining an order for a new trial. The defendant wishes a new trial, but wishes it ordered upon another ground than that upon which the Special Term has directed it. It is hardly necessary to burden the court with an appeal from an order which is desired by both parties simply upon the ground that the court below has granted it upon a motion of one of the parties, rather than the other, or upon a ground which, if a new trial was really objected to, might be open to criticism.

The plaintiff was frightfully injured, and the undisputed evidence is that she is a physical wreck. For such injuries the jury have awarded her $25,000. The learned trial judge considered that in view of the injuries sustained this verdict was inadequate,· and has therefore directed that the case should be again tried before another jury. In view of the attitude of the defendant and its insisting that a new trial · should ·be granted, I do not think that we should reverse this order. The order is affirmed, with costs to the respondent. All .concur.