MARY O. SILKMAN, Appellant, *v.* PETER SCHWARTZ, Respondent.

First Department, April 21, 1922.

Summary proceedings to dispossess — Rent Laws of 1920 — owner of leasehold not " owner of record," within Civil Practice Act, § 1410, subd. 1a, permitting recovery of possession where premises desired as dwelling.

The owner of a leasehold of an apartment house in New York city is not an " owner of record," entitled to maintain summary proceedings, within the provisions of section 1410, subdivision 1-a, of the Civil Practice Act, providing that summary proceedings to dispossess may be maintained, if " the owner of record of the building, being a natural person, seeks in good faith to recover possession of the same or a room or rooms therein for the immediate and personal occupancy by himself and his family as a dwelling."

*Quære*, whether chapter 942 of the Laws of 1920 (Rent Laws) applies to the situation presented in the instant case, as the tenant was not in possession at the time the law was enacted.

APPEAL by the plaintiff, Mary O. Silkman, from an order and determination of the Appellate Term of the Supreme Court, First Judicial Department, entered in the office of the clerk of the county of New York on the 25th day of January, 1922, affirming an order of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, vacating and setting aside a final order and warrant of dispossess and dismissing the petition of the landlord.

*Reeves & Todd* [*Alfred G. Reeves* of counsel; *Harry J. Ahlheim* with him on the brief], for the appellant.

*Elias L. Rockmore* of counsel, for the respondent.

DOWLING, J.:

This is a summary proceeding brought to recover the possession of a certain apartment (consisting of rooms 204 and 205) held by the tenant in premises known as No. 1 East Fifty-sixth street, borough of Manhattan, city of New York. The proceeding was begun on September 13, 1921, under the provisions of chapter 942 of the Laws of 1920 (adding to Code Civ. Proc. § 2231, subd. 1a), being now section 1410, subdivision 1a, of the Civil Practice Act (as added by Laws of 1921, chap. 199).

The petition and precept were served on the 13th day of September, 1921, but no answer was interposed by the tenant. Before the return date of the precept the tenant appeared by attorney, who duly served and filed a notice of appearance herein, and who, on the 17th day of September, 1921, signed a stipulation, agreeing, on behalf of the tenant, with the landlord that a final order be signed and a warrant issued on the return date of the precept,

to wit, September 19, 1921. The landlord agreed, however, that the execution of said warrant should be stayed until twelve o'clock noon, November 2, 1921.

The final order was signed and the warrant issued accordingly. On October 26, 1921, one week before said warrant was to be executed, the tenant's attorney telephoned to the landlord's attorneys and offered to pay an increased rental for the apartment, which is the subject of this proceeding. He was told, however, that the landlord required the premises for her own use and would not consider any such offer. Thereafter the tenant refused to move from the premises and procured an order vacating said final order and warrant and dismissing the petition of the landlord herein, such action being based on the ground that the landlord was not the owner of the building in question, being only a lessee thereof, and, therefore, was not within the requirements of the statute.

The petition herein shows that on September 30, 1920, "One East Fifty-Sixth Street, Inc.," a domestic corporation, then being the "landlord and lease-hold owner" of the premises in question, leased to the tenant herein, Peter Schwartz, rooms 204 and 205 in the said premises, for the term of one month, commencing October 1, 1920, and the tenant entered into possession and remained there till August 31, 1921, as a tenant from month to month only.

On July 30, 1921, the said corporation, "for a good and valuable consideration, duly sold, assigned and conveyed all of its right, title, interest and estate in and to said premises No. 1 East 56th Street to your petitioner, Mary O. Silkman, and that she ever since has been, and now is the landlord and leasehold owner of record of said premises in the office of the Register of the County of New York, State of New York."

The affidavit of her attorney states as to this: "She has leased said entire apartment house, No. 1 East 56th Street, for a term of ten years, beginning October 1st, 1917, and ending September 30th, 1927, which lease has been recorded, and is, therefore, the lease-hold owner of record of said premises."

On August 1, 1921, written notice was given to the tenant requiring him to surrender the premises on September first. The petition concludes:

"*Eleventh.* That this proceeding is brought upon the ground that your petitioner herein, being the owner of record of said building and premises, and being a natural person, seeks and she hereby does seek, in good faith to recover said premises therein so held by the tenant as aforesaid, to wit, rooms Nos. 204 and

205 in the premises known as No. 1 East 56th Street aforesaid, for the immediate and personal occupancy by your petitioner herself and her family as a dwelling."

Concededly, the landlord herein cannot succeed unless she brings herself within the provisions of section 1410, subdivision 1a, of the Civil Practice Act. When the tenant holds over and continues in possession of the demised premises or any portion thereof after the expiration of his term without the permission of the landlord, as in this case, that subdivision provides that, a public emergency existing, no summary proceedings shall be maintainable to recover the possession of real property occupied for dwelling purposes in a city of a population of 1,000,000 or over, or in a city in a county adjoining such a city, except in four specified contingencies:

(1) If a person is holding over and is objectionable, in which case the landlord is to establish the fact, and perforce is to institute the proceeding;

(2) If the owner of record of the building, being a natural person, seeks in good faith to recover possession of the same or a room or rooms therein for the immediate and personal occupancy by himself and his family as a dwelling;

(3) If the petitioner desires in good faith to recover the premises in order to construct a new building thereon, plans for which have been filed and approved;

(4) If the premises form part of a building and land which has in good faith been sold to a corporation formed under the co-operative ownership plan and the apartments therein have been leased to stockholders for their personal, exclusive and permanent occupancy.

The petitioner claims under the second of these provisions. But she is not the " owner of record of the building," as required, but the lessee thereof for a term of years, whereof more than five years still remain. The various classes of persons who might still avail themselves of summary proceedings have been defined in the above quoted subdivision of the Civil Practice Act with a particularity which shows the deliberation and studied terms employed. There is a different test to be applied for the person authorized to institute the proceedings in each of the four contingencies recognized as still furnishing a basis therefor.

The petitioner does not answer the description of the sole person authorized to take advantage of the second exception in the subdivision of the section quoted, viz., an owner of record of the building in question and, therefore, cannot take advantage thereof.

In the foregoing discussion the present case has been considered solely upon the theory under which the proceeding was commenced,

the petition drawn, the trial conducted and the two appeals argued. The appellant specifically brought her proceedings under the provision of chapter 942 of the Laws of 1920, believing that the act was applicable to the situation presented by the facts herein. At no time has it ever been suggested by either party that the provisions of that chapter were not applicable to the existing situation or that the appellant was entitled to possession of the premises as landlord because the tenant was unlawfully holding over. This situation is referred to, because of the opinion in *Farnham Realty Corporation* v. *Posner* (200 App. Div. 827), decided herewith, holding that the intent of the Legislature was to make a preferred class of those tenants who were in possession of apartments, dwellings and tenements at the time the law was enacted, which was on September 27, 1920, and citing the authorities so holding. In the present case the tenant was not in possession until October 1, 1920, and, therefore, under the holding in the *Farnham* case would not come within the protection of the statute referred to. But no such question ever was suggested in this proceeding and, therefore, the appeal must be disposed of as it was submitted to this court, which leads to an affirmance.

The determination appealed from is, therefore, affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Determination affirmed, with costs.