ARCUTEL REALTY CORPORATION, Plaintiff, *v.* IRVING A. RUSKIN, Defendant.

ARCUTEL REALTY CORPORATION, Plaintiff, *v.* ISIDORE APPELBAUM, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Seventh District, December, 1923 (Received January, 1924).

**Landlord and tenant — summary proceedings to dispossess — Rent Laws of 1923 affect time when tenancies commenced, not time of construction of building — summary proceedings, pursuant to Civil Practice Act, section 1410(1-a), maintainable where tenants are in occupation of building completed subsequent to September 27, 1920.**

It is well settled that repeals by implication are not favored in the interpretation and construction of statutes, and, if possible, apparent inconsistencies in two statutes should be so construed as to permit both to stand.

The purpose of the statute (Laws of 1923, chap. 892, amending chapter 633 of the Laws of 1922) was to make uniform the operation of the emergency housing laws so as to cover tenancies, agreements and leases, whether existing on September 27, 1920, or entered into thereafter. Said statute of 1923 was enacted with the sole intent of affecting only the time when tenancies commenced, not their character or the time of the construction of the buildings in which such tenancies existed, and affects only the character of housing protected by existing laws, and applies to no other properties.

Where tenants are in occupation of premises used by them for dwelling purposes in a building, the construction of which was not completed prior to September 27, 1920, summary proceedings to dispossess them are maintainable under section 1410(1-a) of the Civil Practice Act.

PROCEEDINGS for removal of tenants.

*Morrison & Schiff*, for plaintiff, landlord.

*Nelson Ruttenberg*, for defendants, tenants.

LAUER, J.   These cases were tried by me and the issues of fact, other than those involved in the decision now made, determined in favor of the landlord. It appeared without dispute that the tenants were in occupation of premises used by them for dwelling purposes in a building constructed after September 27, 1920. The only question remaining for decision was the question whether this proceeding is maintainable in view of the emergency housing legislation contained in subdivision 1-a of section 1410 of the Civil Practice Act.

Subdivision 1 of section 1410 of the Civil Practice Act specifies the cases in which a tenant may be removed. Subdivision 1-a, the subdivision added by the emergency housing laws, recites the existence

of a public emergency and takes away the right of dispossession in the case of premises in the city of New York occupied for dwellings, except in four specified cases, and then follows this provision: " This subdivision shall not apply to a new building in the course of construction on September 27th, 1920, or commenced thereafter and be in effect only until the 1st day of November, 1922." The effectiveness of subdivision 1-a was further extended by the legislature in 1922 by its declaration that the emergency still continued and continuing the emergency laws in operation to the 15th day of February, 1924. Laws of 1922, chap. 633.

In 1923 the so-called Rosenman Act, constituting chapter 892 of the Laws of 1923, was passed. This act amended the act of the previous year, incorporating it in the exact language in which it was enacted in 1922 and adding thereto " and shall be deemed to include, and to apply with full force and effect to all tenancies, agreements and leases entered into or executed subsequent to the 27th day of September, 1920." As thus amended by the Laws of 1923 the law of 1922 read in effect that the public emergency which existed at the time of the enactment of the statutes before enumerated having continued in the judgment of the legislature to the present time and still existing, the various emergency laws as enacted in 1920 and subsequent thereto " shall be deemed to include and to apply with full force and effect to all tenancies, agreements and leases entered into or executed subsequent to the 27th day of September, 1920."

The question then arises whether this very broad and inclusive statement added by the Laws of 1923 should be held to apply to new buildings in the course of construction on September 27, 1920, or commenced thereafter or whether this new law should be given a construction somewhat more limited.

This same question has been determined by this court by Mr. Justice Law who wrote an opinion holding that the law of 1923 did not repeal the provision heretofore quoted concerning the inapplicability of the provision of subdivision 1-a before quoted in respect to new buildings in course of construction on September 27, 1920, or commenced thereafter. *Building Co. of Cohen Bros., Inc.,* v. *Levy,* 121 Misc. Rep. 614. I understand also that others of my associates have determined the question in a similar manner without writing opinions. It would be unfortunate to have a conflict in the same court in a matter of this sort and I feel that I should not disagree with my associates who have determined this same question in other cases unless in my opinion the law were clearly to the contrary. While in my opinion the question is not wholly free from doubt, I do not think that it is clearly to

the contrary. In fact, I am disposed to agree with my associates in the rulings which they have made on this question.

The provisions of subdivision 1-a, that the subdivision shall not apply, that is, that the taking away, because of the emergency, of the right of dispossession shall not apply to new buildings in the course of construction or commenced after September 27, 1920, is not directly repealed by chapter 892 of the Laws of 1923. It is a well-settled principle that repeals by implication are not favored in the interpretation and construction of statutes. Such interpretation should be given to apparent inconsistencies in two statutes which if possible permits both to stand. *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *People ex rel. Kingsland* v. *Palmer*, 52 id. 83; *Davis* v. *Supreme Lodge, Knights of Honor*, 165 id. 159–166.

Previous to the enactment of chapter 892 of the Laws of 1923 a conflict had arisen between the first and second departments of the Supreme Court of this state in respect to the applicability of the emergency laws to tenants in possession of residential property whose possession had started subsequent to October 1, 1920, when the emergency was declared existing by the legislature. The decisions in the first department were to the effect that the laws were intended to protect only tenants in possession on October 1, 1920, when the emergency statute became effective. *Farnham Realty Corp.* v. *Posner*, 200 App. Div. 827; *Silkman* v. *Schwartz*, 193 N. Y. Supp. 793. In the second department the Appellate Term of the Supreme Court held that a tenant whose possession commenced after October, 1920, was equally entitled to the protection of the emergency housing laws. *Marion* v. *Weiser*, 196 N. Y. Supp. 386. All of these decisions, however, referred to buildings which had been completed prior to September 27, 1920.

I am satisfied that chapter 892 of the Laws of 1923 was enacted with the purpose of affecting only the question of tenancies in respect to the time when such tenancies commenced and not in respect to the character of such tenancies or the time of the construction of the buildings on which such tenancies existed. The purpose of the statute was to make uniform the operation of the emergency housing laws so as to cover tenancies, agreements and leases whether existing on September 27, 1920, or entered into thereafter. The amendment of chapter 892 of the Laws of 1923, in my opinion affected only the character of housing protected under the laws existing when the amendment of 1923 was enacted and applied to no other properties. In that character of housing it covered leases or tenancies entered into subsequent to September 27, 1920.

I believe this is a consistent and proper interpretation of the

statute.   Accordingly I hold that these proceedings, affecting residential property not completed prior to September 27, 1920, are maintainable.

Final orders are, therefore, given to the landlord.

Ordered accordingly.