■ In the Matter of CONCORDIA COLLEGIATE INSTITUTE, Respondent, v. WILLIAM DUKE, III, et al., Constituting the Planning Commission of the Village of Bronxville, Appellants, and KENNETH C. QUENCER et al., Intervenors-Appellants.— In a proceeding pursuant to CPLR article 78, the respondents and the intervenors therein appeal from so much of a judgment of the Supreme Court, Westchester County, entered March 1, 1966, as (a) modified a decision and order of the appellant Planning Commission and (b) directed the appellant Village Clerk and Administrator to issue to petitioner a certificate that the Planning Commission had failed to act on petitioner's site plan within 45 days after filing of the plan. Judgment affirmed insofar as appealed from, with one bill of costs, payable jointly by appellants filing separate briefs. This proceeding was brought and litigated by all parties at Special Term on the assumption that section 179-k of the Village Law is applicable; and the appeal has been briefed by all parties on that same assumption. We have considered and determined this appeal solely upon the issues so raised and litigated at Special Term and on appeal to this court, even though this proceeding may have been procedurally improper (see *Silkman* v. *Schwartz*, 201 App. Div. 38, 40–41; *Galloway* v. *Erie R. R. Co.*, 116 App. Div. 777, affd. 192 N. Y. 545; *Hunt* v. *Long Is. R. R. Co.*, 130 App. Div. 828, 829; *Matter of Wolf* v. *Assessors of Town of Hanover*, 308 N. Y. 416; 10 Carmody-Wait 2d, New York Practice, §§ 70:300, 70:301, 70:422; cf. *Matter of Thurman* v. *Snowden*, 28 A D 2d 705). The ultimate issue raised by this proceeding and appeal is whether a certain condition imposed by the appellant Planning Commission upon its approval of petitioner's site plan was reasonably necessary in the interest of public safety or welfare. On the basis of adequate proof in this record, we have concluded that this condition was not reasonably necessary and that the annulment of the condition by Special Term was, on the merits, a correct determination of the controversy. It should be noted that the basic issue which would have been raised in a procedurally proper proceeding is the same as that which we have herein determined on the merits, namely, whether the condition imposed by the Planning Commission was reasonably necessary. Consequently, it would be pointless to reverse the judgment and require the institution of a new, procedurally proper proceeding, since such circuitous procedure would ultimately result in exactly the same determi-

nation as that which we are now making. Beldock, P. J., Rabin and Benjamin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse and to remit the proceeding to Special Term for further proceedings not inconsistent with the following memorandum: This appeal comes before us in rather an unusual aspect. Both at Special Term and in this court all of the parties have assumed that the requirement that the appellant Planning Board take action, either approving or disapproving the development of a plat, within 45 days from the date of the submission of the plat to the board (Village Law, § 179-k; see, also, Village Law, §§ 179-l, 179-m, 179-p), has relevancy to this proceeding. However, petitioner did not seek approval of a development plat, which implies under the statutory provisions cited a subdivision of land into building lots for sale; instead, it sought approval of a site plan under provisions of the Zoning Ordinance of the Village of Bronxville requiring such approval before a building permit may be issued by the Village Superintendent of Buildings for the erection of a school building in a residence A district. It does not appear that the application for the issuance of a building permit was either granted or denied by the Superintendent of Buildings. We have held that the limitation of 45 days for the approval of a development plat does not apply to the approval of a site plan under the terms of an ordinance requiring a reference to a planning board (*Matter of Thurman* v. *Snowden*, 28 A D 2d 705; cf. *Matter of Cedar Lane Hgts. Corp.* v. *Marotta*, 17 A D 2d 651). In *Thurman*, as here, the zoning ordinance provided that the procedure for approval of site plans should be the same as required by the statute for the approval of plats, but we pointed out that the ultimate power to grant or deny the requested permit rested in the zoning inspector, the official whose duties were similar to those of the Superintendent of Buildings in this case. Moreover, we noted that an appeal would lie from the decision of the zoning inspector to the zoning board of appeals. Although no party to this proceeding has raised these questions, we think that they are of such fundamental and public importance that they should be considered *sua sponte* (10 Carmody-Wait 2d, New York Practice, §§ 70:302–70:304). Special Term, in the posture of the matter as it was presented to it, did not have the opportunity to pass on the merits. It does not appear from this record whether the Superintendent of Buildings has acted on the application for a building permit or whether any appeal has been taken to the Village Board of Appeals. These facts should be before the court by proper pleadings and proof. In addition, Special Term, in considering the questions thus before it, will be also in a position to review and decide the merits of the reasonableness of the conditions, if any, which may be imposed by the Superintendent of Buildings in his action on the application for a building permit. A proper record for review may accordingly be made. At this point the proceeding to review incorrectly is directed toward an opinion of the Planning Board which may or may not be adopted by the Superintendent of Buildings in his ultimate decision on the merits. We think therefore, that the matter should be remittted to Special Term for further proceedings not inconsistent herewith.